IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES L. BROWN and HATTIE BUGGS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-cv-00603-WHA |
| | ) (WO) |
| | ) |
| CHRISTOPER L. SIMMS, individually, and | ) |
| MAGNETICS INTERNATIONAL, INC.; et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Motion to Remand (Doc. # 10) filed by the Plaintiffs, James L. Brown and Hattie Buggs, on September 9, 2013.

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Lowndes County, Alabama on July 24, 2013. The Plaintiff brings state claims for negligent operation of a tanker trunk (First Cause of Action) and wanton operation of a tanker truck (Second Cause of Action).

On August 23, 2013, the Defendants removed the case to this court on the basis of federal-question jurisdiction.

For reasons to be discussed, the Motion to Remand is due to be **GRANTED**.

### II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

### III.  FACTS AND PROCEDURAL HISTORY

On February 19, 2013, Plaintiffs James Brown and Hattie Buggs' vehicle collided with a tanker truck while traveling through Lowndes County on Interstate 65. The tanker truck was driven by Defendant Christopher Simms, allegedly within the scope of his employment or agency for Defendant Magnetics International, Inc. After filing a Complaint in Lowndes County, the Plaintiffs served the Defendants various requests for production, a number of which make reference to the Federal Motor Carrier Safety Administration's regulations ("FMCSR"). In light of these discovery requests, the Defendants removed the case to this court. In their motion to remand, Plaintiffs have asked for the case to be remanded to state court because this court lacks federal subject-matter jurisdiction.

### IV.  DISCUSSION

The Defendants acknowledge that the Complaint is limited to state law claims, but contend that federal jurisdiction exists because the Plaintiffs' right to relief on those claims depends on the construction of federal law.

2

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Such federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citing *City of Huntsville v. City of Madison*, 24 F.3d 169, 171–72 (11th Cir. 1994)). "Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Id.*

In *Jairath*, a physician refused to perform cosmetic surgery on an HIV-positive patient. The patient brought an action under Georgia state law, but the Americans with Disabilities Act ("ADA") "created the duty which served as the basis for Jairath's state law claim." *Id.* at 1281. On appeal, the Eleventh Circuit only reviewed the district court's refusal to remand the plaintiff's action to state court. In finding that the district court had erred and that remand was warranted, the Eleventh Circuit pointed out that, while the "state law cause of action incorporates as an element proof of a violation of a federal duty[, the plaintiff] sought a private damages remedy which is not available under the federal statute." *Id.* at 1283. Thus, as in the Supreme Court's decision in *Merrell Dow*, the Eleventh Circuit concluded "that the congressional intent not to provide a private damages remedy for [that] kind of ADA violation [was] 'tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.'" *Id.* at 1284 (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).

As a preliminary matter, the Defendants argue that removal is timely based on the discovery requests at issue in this case being "other paper" within the meaning of 28 U.S.C. § 1446(b)(3). Specifically, the Defendants cite *Lowery v. Alabama Power Company*, 483 F.3d 1184, 1212 (11th Cir. 2007), for the proposition that the Plaintiffs' discovery requests are "other paper" that identify the case as removable and that thus allow an additional thirty days for removal. The court assumes without deciding that these discovery requests are "other paper" that would identify the case as removable subsequent to the initial pleading. However, even assuming the discovery requests qualify as "other paper," this court still lacks federal-question jurisdiction over the claims.

First, the Defendants do not assert that this case falls under the first form of federal-question jurisdiction, namely that the case "arise[s] under federal law that creates a cause of action." *Jairath*, 154 F.3d at 1282. Upon seeking removal, the defendant bears the burden of establishing that federal subject matter jurisdiction exists. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). Thus, because the Defendants in this case have not met their burden to show the first form of federal-question jurisdiction, the case does not "arise under federal law that creates a cause of action." *Jairath*, 154 F.3d at 1282.

Second, this case provides an even weaker case for substantiality than in *Jairath*. Here, the Defendants do not point to any federal statutory scheme or cause of action used by the Plaintiffs. Instead, the Defendants only rely on the Plaintiffs' requests for the Defendants' FMCSR-compliant records. However, as in *Jairath*, the Plaintiffs at most are seeking the FMCSR records as evidence to help establish a breach of the state law duty of care or some other element in their state law claims. The Plaintiffs are seeking damages through state law claims, they are not asserting a claim under the Federal Motor Carrier Act or other federal statute, and

4

thus any reference to the FMCSR-compliant materials is insufficiently "substantial" to confer federal-question jurisdiction. *Merrell Dow*, 478 U.S. at 814. Therefore, this court does not have federal-question jurisdiction, and the case is due to be remanded to state court.

## IV. <u>CONCLUSION</u>

For the reasons stated above,

It is hereby ORDERED as follows:

This case is remanded to the Circuit Court of Lowndes County, Alabama, and the Clerk is DIRECTED to take appropriate action to effect the remand.

DONE this 9th day of October, 2013.

<u>/s/ W. Harold Albritton</u>
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE